**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANG-SU LIM,<br><br>    Plaintiff,<br><br>  v.<br><br>BUCK INSTITUTE FOR AGE RESEARCH, et al.,<br><br>    Defendants. | No. C 06-00678 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JULY 7, 2006:

The Court **tentatively GRANTS IN PART and DENIES IN PART** the motion for judgment on the pleadings filed by defendants Buck Institute for Age Research ("the Buck"), Judith Campisi ("Campisi") and Gordon Lithgow ("Lithgow") (collectively, the "Buck Defendants") and **tentatively GRANTS** the motion for judgment on the pleadings filed by defendants The Regents of the University of California (the "University"), Campisi, Andrew Wyrobek ("Wyrobeck"), and Nan Liu ("Liu") (collectively, the "University Defendants"). The Court **RESERVES RULING** on whether to provide Plaintiff leave to amend. In violation of this Court's standing orders, Plaintiff filed an opposition brief twenty pages long and then filed an "errata" making additional arguments in opposition to the Buck Defendants' motion.

Plaintiff is hereby admonished to comply with this Court's standing orders and is advised that any future violations will be sanctioned.

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *C.f.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall each have 20 minutes to address the following questions:

(1) Specifically what contract(s) does Plaintiff allege was breached by the Buck, Campisi (as a representative of Buck) and Lithgow? For each contract that Plaintiff contends was breached:

  (a) On what date was it entered into?

  (b) Was the contract oral or written?

  (c) If the contract was oral, who made the offer or negotiated on behalf of the Buck? If the contract was written, in what document(s) is the contract reflected?

  (d) Who are the parties to the contract?

  (e) What were the terms of the contract?

  (f) Where in the Third Amended Complaint ("TAC") is this contract and subsequent breach alleged or is Plaintiff seeking leave to amend to assert this contract?

(2) Does Plaintiff contend that he may hold Campisi or Lithgow liable for breaches of contract or of the implied covenant of good faith and fair dealing based on contracts with the Buck? If so, what authority, if any, does Plaintiff rely on for this proposition?

(3) Specifically, what fraudulent acts does Plaintiff allege the Buck, Campisi (as a representative for the Buck), or Lithgow committed?

(4) Specifically, what is the basis of Plaintiff's emotional distress claims? To the extent Plaintiff's claims are premised on alleged conduct by Campisi, does Plaintiff contend she was acting on behalf of the Buck or the University?

(5) In Plaintiff's opposition, he states that in March 2004 he discovered a defamatory statement made by Campisi to Larry Thompson and seeks leave to amend his defamation claim to include this alleged statement. It appears that Plaintiff has waited more than two years to seek leave to amend. Nevertheless, given that delay alone is insufficient to deny leave to amend, *see DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987), on what basis do the Buck Defendants argue that Plaintiff should be denied leave?

(6) Do the parties have anything further to add?

Dated: July 6, 2006

*Jeffrey S. White*
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3